1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Shenzhen Zeshi E-commerce Co., Ltd., | |
| *Plaintiff*, | **Case No. 2:26-cv-00801** |
| v. | **Complaint For Declaratory Judgment** |
| Hyper Ice, Inc., and DataFeel, Inc. | **Jury Trial Demand** |
| *Defendants*. | |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Zeshi E-commerce Co., Ltd., d/b/a SZZS Ltd. ("Plaintiff" or "SZZS Ltd."), against Defendants Hyper Ice, Inc. ("Hyperice"), and DataFeel, Inc. ("DataFeel," and collectively with Hyperice as "Defendants"), seeking a declaration that Plaintiff's Heating Pad for Back, identified by ASIN B0FMF2KP9P (the "Accused Product" or "Heating Pad for Back") does not directly or indirectly infringe Patent No. 12,318,221 B2  (the "'221 Patent"), either literally or under the doctrine of equivalents, and/or that the '221 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

-1-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

## INTRODUCTION

1.      Plaintiff brings this action for a declaratory judgment of non-infringement to protect its business from Defendants' objectively baseless patent infringement claims. On or about February 17, 2026, Defendants initiated an enforcement proceeding through the Amazon Patent Evaluation Express ("APEX") program, asserting that the Heating Pad for Back (ASIN: B0FMF2KP9P) infringes U.S. Patent No. 12,318,221. *See* Exhibit B.

2.      Defendants' infringement complaint is wholly without merit as the Heating Pad for Back does not meet each and every limitation of any claim under the '221 Patent.

3.      Although the Heating Pad for Back remains active on Amazon as of the date of this filing, Defendants' actions have placed Plaintiff's listing in imminent danger of removal. Under the mandatory rules of the APEX program, Plaintiff faces the immediate threat of losing its primary sales channel, associated goodwill, and significant revenue. Consequently, Defendants' bad-faith enforcement efforts have caused, and continue to cause, immediate and irreparable harm to Plaintiff, necessitating judicial intervention to declare that Plaintiff does not infringe the '221 Patent.

## NATURE OF THE ACTION

4.      This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, seeking declarations of non-infringement and invalidity with respect to U.S. Patent No. 12,318,221.

5.      Defendants' assertion of the '221 Patent against Plaintiff's Accused Product, including through Amazon's Patent Evaluation Express Procedure, has caused and continues to cause substantial harm to Plaintiff, including the imminent threat of removal of Plaintiff's Accused Product from Amazon.

-2-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

6.      Plaintiff Shenzhen Zeshi E-commerce Co., Ltd. is a Chinese company located in Shenzhen, China.

7.      Upon information and belief, Defendant Hyper Ice, Inc. is a California corporation, with a principal place of business at 525 Technology Drive, Suite 100, Irvine CA 92618.

8.      Upon information and belief, Defendant DataFeel, Inc. is a Delaware corporation with a principal place of business at 1629 K Street NW, Suite 300, Washington, DC 20006.

9.      Upon information and belief, Defendant DataFeel, Inc. is owner of the '221 Patent by assignment, and Defendant Hyperice is the exclusive licensee of the '221 Patent.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

11.      An actual, substantial, and justiciable case or controversy exists between the parties. Defendants have formally initiated an enforcement proceeding through the Amazon Patent Evaluation Express ("APEX") program, asserting that Plaintiff's Accused Product (ASIN B0FMF2KP9P) infringes the '221 Patent. By executing the APEX Agreement (Exhibit B) and submitting it to Amazon, Defendants have created an imminent threat of irreparable harm to Plaintiff, as the APEX process will result in the mandatory removal of Plaintiff's product listings unless Plaintiff prevails in the evaluation or obtains judicial relief. Defendants' affirmative acts have placed Plaintiff's business in reasonable apprehension of losing its marketplace access, thereby giving rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

12.    This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their patent enforcement activities at this judicial district. Specifically, Defendants initiated an enforcement proceeding by submitting a formal infringement complaint and an executed APEX Agreement to Amazon, which is headquartered in this District at 410 Terry Ave. N, Seattle, WA 98109. By utilizing Amazon's specialized enforcement tools to target Plaintiff's listings, Defendants knew and intended that the effects of their actions—including the processing of the infringement claim and the potential mandatory removal of Plaintiff's listings— would occur in Seattle, Washington. These activities constitute sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185. See, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008).

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The enforcement mechanism invoked by Defendants, the submission of the APEX Agreement to Amazon, and the ongoing administrative process that threatens the cancellation of Plaintiff's listings all take place within this District.

## **THE ACCUSED PRODUCT**

14.    Plaintiff offers for sale on Amazon the Heating Pad for Back identified by ASIN B0FMF2KP9P. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive, Plaintiff must maintain its product listings on Amazon.

15.    On or about February 17, 2026, Defendant Hyperice initiated an enforcement proceeding through the APEX program. As part of this proceeding, Defendants executed and submitted an APEX Agreement, attached hereto as Exhibit B, asserting that the Heating Pad for Back infringes Claim 1 of the '221 Patent.

-4-

COMPLAINT

16.    In the APEX Agreement, the Patent Owner is identified as DataFeel, Inc. and Hyperice is sole licensee with exclusive right to enforce, with its authorized representative listed as Brian Arnold (barnold@hyperice.com, (626)376-5078). By submitting this complaint to Amazon, Defendants have formally requested that Amazon remove the listing for ASIN B0FMF2KP9P from the platform.

17.    Under the mandatory procedures of the APEX program, the listing for the Heating Pad for Back is in imminent danger of removal unless Plaintiff either prevails in the APEX evaluation or obtains a judicial declaration of non-infringement. Defendants' infringement complaint has placed a cloud over Plaintiff's business and threatens to cut off access to Plaintiff's most significant channel of trade. As a result, Defendants' actions have caused, and continue to cause, immediate and irreparable harm to Plaintiff's business operations.

### U.S. PATENT NO. 12,318,221 B2

18.    Upon information and belief, DataFeel is registered as the applicant and assignee of the '221 Patent. *See* **Exhibit A**.

19.    The '221 Patent, entitled "Communication Devices, Systems and Methods," generally describes treatment devices including a wearable body and treatment components such as an electrical generator element and a heat generator element. Certain claims further recite an attachment element arranged to removably attach the wearable body to skin of a user, and a distal surface comprising a material configured to direct electrical energy and or heat flux to the skin.

20.    The '221 Patent was issued on June 3, 2025. The '221 Patent contains 20 claims, including 3 independent claims and 17 dependent claims.

### COUNT I

-5-

COMPLAINT

1

2

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE
CLAIMS OF THE '221 Patent)**

3

21.     Plaintiff incorporates by reference the allegations set forth above in this Complaint

4

as if fully set forth herein.

5

6

22.     An actual, continuing, and justiciable controversy exists between Plaintiff and

7

Defendants concerning whether Plaintiff's Accused Product infringes one or more claims of U.S.

8

Patent No. 12,318,221 (the "'221 Patent"), as evidenced by Defendants' infringement allegations

9

and takedown conduct on Amazon, as set forth above. A judicial declaration is necessary and

10

appropriate to determine the parties' respective rights regarding the '221 Patent.

11

12

23.     Plaintiff's Accused Product does not infringe one or more claims of the '221 Patent

13

because, among other things, the Accused Product fails to satisfy one or more required limitations

14

of the independent claims of the '221 Patent. *See* Exhibit D.

15

16

24.     Claim 1 of the '221 Patent recites:

17

A treatment device, comprising:
a wearable body having a distal surface, a proximal surface, and an attachment element
arranged to removably attach the wearable body to skin of a user;
an electrical generator element and a heat generator element coupled to the wearable body,
the electrical generator element and the heat generator element being independently
operable to output and communicate an electrical energy to muscles and pain receptors
of the user, and to output and communicate a heat flux to temperature receptors of the
user,
wherein the distal surface of the wearable body comprises a material configured to direct
the electrical energy and/or the heat flux to an area of the skin.

18

19

20

21

22

23

25.     The Accused Product does not literally meet Claim 1. Among other things, Claim

24

1 requires an attachment element arranged to removably attach the wearable body to the user's

25

26

skin, an electrical generator element that outputs and communicates electrical energy to the user's

27

muscles and pain receptors, and a distal-surface material configured to direct the electrical energy

28

and/or the heat flux to an area of the skin. The Accused Product is a conventional wraparound

-6-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

lumbar brace secured by straps and Velcro, not a skin-adhered treatment device. The Accused Product also provides heat and mechanical vibration, but does not include an electrical generator element that outputs and communicates electrical energy to muscles and pain receptors, and does not include any electrode, conductive pad, pulse generator, EMS module, TENS module, or other structure that delivers electrical stimulation to the user's body. Nor do the presently available materials show the claimed distal-surface material configured to direct electrical energy and/or heat flux to an area of the skin. Treating an ordinary strap-fastened heating-and-vibration brace as equivalent would vitiate the express limitations requiring attachment to skin, an electrical generator element communicating electrical energy to muscles and pain receptors, and the claimed distal-surface directing material. Accordingly, there is no infringement of Claim 1, and no infringement of Claims 2 through 7 to the extent they depend from Claim 1.

26.    Claim 8 of the '221 Patent recites:

A treatment device, comprising:
a wearable body having a distal surface and a proximal surface, the distal surface comprising a biocompatible adhesive material arranged to removably attach the wearable body to an area of skin of a user;
a power source including a rechargeable battery; and
an electrical generator element and a heat generator element coupled to the wearable body, the electrical generator element and the heat generator element being independently operable to convert electricity from the power source into an electrical energy and to communicate the electrical energy to muscles and pain receptors of the user, and to convert electricity from the power source into a heat flux and to communicate the heat flux to temperature receptors of the user.

27.    The Accused Product does not literally meet Claim 8. Claim 8 requires, among other things, a distal surface comprising a biocompatible adhesive material arranged to removably attach the wearable body to an area of the user's skin. The Accused Product does not have any such biocompatible adhesive material. Instead, it is a conventional wraparound lumbar brace secured by straps and Velcro. Claim 8 further requires an electrical generator element that converts

-7-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

electricity into electrical energy and communicates that electrical energy to muscles and pain receptors of the user. The Accused Product does not include any such structure and instead provides only heat and mechanical vibration. It contains no electrode, conductive pad, pulse generator, EMS module, TENS module, or other structure that delivers electrical stimulation to the user's body. Any contrary theory, including any theory based on the doctrine of equivalents, would improperly read out the claim limitations requiring a biocompatible adhesive material, attachment to an area of skin, and an electrical generator element communicating electrical energy to muscles and pain receptors. Accordingly, Claim 8 is not infringed, and Claims 9 through 13 fall with it.

28.    Claim 14 of the '221 Patent recites:

A treatment device, comprising:
a wearable body having a distal surface, proximal surface, and an attachment element arranged to removably attach the wearable body to an area of skin of a user;
a power source including a rechargeable battery; and
an electrical generator element and a heat generator element coupled to the wearable body, the electrical generator element and the heat generator element being independently operable to convert electricity from the power source into an electrical energy and to communicate the electrical energy to muscles and pain receptors of the user, and to convert electricity from the power source into a heat flux and to communicate the heat flux to temperature receptors of the user,
wherein the distal surface of the wearable body comprises a material configured to direct the electrical energy and/or the heat flux to an area of the skin.

29.    The Accused Product does not literally meet Claim 14. Among other things, Claim 14 requires an attachment element arranged to removably attach the wearable body to an area of the user's skin, an electrical generator element that converts electricity into electrical energy and communicates that electrical energy to muscles and pain receptors, and a distal-surface material configured to direct the electrical energy and/or the heat flux to an area of the skin. The Accused Product does not include an attachment element arranged to removably attach the wearable body

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

to an area of the user's skin, but instead uses integrated straps and Velcro to secure a brace around the waist. The Accused Product also does not include the claimed electrical generator element and does not communicate electrical energy to muscles and pain receptors. Rather, the Accused Product provides heat and mechanical vibration only. Nor do the presently available materials show any distal-surface material configured to direct electrical energy and/or heat flux to an area of the skin in the manner required by Claim 14. Any theory of infringement by equivalents would vitiate these express limitations and fail the function, way, and result test. Accordingly, Claim 14 is not infringed, and Claims 15 through 20 are likewise not infringed.

30.    Likewise, there is no infringement under the doctrine of equivalents of the limitations requiring an attachment element arranged to removably attach the wearable body to skin or to an area of skin, an electrical generator element communicating electrical energy to muscles and pain receptors, a distal surface comprising a biocompatible adhesive material, or a distal-surface material configured to direct electrical energy and or heat flux to skin. Plaintiff's Accused Product is a conventional wraparound lumbar brace that provides heat and mechanical vibration through straps and Velcro, not a skin-adhered electrostimulation treatment device. Treating those materially different structures and modes of operation as equivalent would improperly erase the express limitations identified above.

31.    Likewise, because asserted Claims 1, 8, and 14 of the '221 Patent are not infringed, the dependent claims that depend from them are likewise not infringed.

32.    Defendants' infringement reports and related assertions on the Amazon platform have caused an imminent and real threat of patent infringement litigation. Defendants' assertion of the '221 Patent against Plaintiff's Accused Product has caused, and continues to cause, immediate and irreparable harm to Plaintiff, including the imminent threat of removal of the

-9-

Accused Product from Amazon, disruption of sales, loss of goodwill, and loss of business opportunities.

33.    A substantial, immediate, and real controversy exists between Plaintiff and Defendants regarding whether Plaintiff's Accused Product infringes one or more claims of the '221 Patent.

34.    Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe, literally or under the doctrine of equivalents, any of the asserted claims of the '221 Patent, under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the patent laws of the United States.

35.    Plaintiff is also entitled to such other and further relief as the Court deems just and proper.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '221 PATENT)

36.    Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

37.    An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants concerning the validity of U.S. Patent No. 12,318,221 (the "'221 Patent"), as evidenced by Defendants' infringement allegations and takedown conduct on Amazon, as set forth above.

38.    The claims of the '221 Patent are invalid for failure to meet the conditions of patentability and to otherwise comply with one or more provisions of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 102, 103, and 112, at least in view of the prior

-10-

1    art cited herein, including Exhibits E, F, G, H, I and J, as well as any additional prior art that may

2    come to light during this litigation.

3         39.    By way of example and not limitation, at least U.S. Patent Application Publication

4    No. 2014/0378555 to Hung et al. ("Hung"), published December 25, 2014, discloses a portable

5    skin-treatment device combining multiple treatment modalities, including electrical stimulation

6    through electrode arrangements, heating, and vibration, with user-selectable settings for each

7    modality. Hung teaches multiple generator elements that are independently operable and that

8    provide different energy types, including electrical, thermal, and vibrational energy, within a

9    compact device body configured for skin-facing treatment. Hung is highly relevant to, among other

10   things, the '221 Patent's recitation of a skin-facing treatment device with electrical and heat

11   generator elements, separate energy modalities, and user-controlled operation. A true and correct

12   copy of Hung is attached hereto as Exhibit E.

13        40.    By way of further example and not limitation, U.S. Patent Application Publication

14   No. 2012/0283605 to Lewis ("Lewis"), published November 8, 2012, discloses a portable

15   therapeutic ultrasound system including a body or housing containing power, drive and control

16   electronics, together with an energy-generating transducer and a structure for directing energy

17   output toward a treatment area on the skin. Lewis is relevant at least to the structural limitations

18   of the '221 Patent concerning a treatment-device body, integrated power and control components,

19   generator elements disposed within the device, and a directional energy-delivery arrangement

20   toward skin. A true and correct copy of Lewis is attached hereto as Exhibit F.

21        41.    By way of further example and not limitation, U.S. Patent No. 2,431,525 to Vecchio

22   ("Vecchio"), issued November 25, 1947, discloses an electro-therapeutic pad combining both

23   heating and vibrating elements within a single treatment device, with separate electrical paths and

-11-

control over the different treatment functions. Vecchio teaches co-located thermal and mechanical treatment modalities in a device positioned against the user's body, and further teaches directing the therapeutic effects to the contact area while reducing stray effects through the structure of the pad. Vecchio is relevant at least to the '221 Patent's recitation of multiple treatment modalities, independent operation of different energy-producing components, and treatment structures intended for application against a user's skin. A true and correct copy of Vecchio is attached hereto as Exhibit G.

42.    By way of further example and not limitation, U.S. Patent Application Publication No. 2010/0280582 to Baker ("Baker"), published November 4, 2010, discloses a treatment applicator having a cup-like housing with a distal rim or wall positioned on skin, a surrounding wall structure, and a directed thermal-exchange pathway to a target area, while limiting effects outside the treatment region. Baker further combines thermal exchange, including heat removal, with suction. Baker is relevant at least to the '221 Patent's claimed treatment-device geometry, including proximal and distal structure, circumferential wall features, positioning on skin, and structures that direct treatment energy toward a target skin area while limiting treatment outside that area. A true and correct copy of Baker is attached hereto as Exhibit H.

43.    By way of further example and not limitation, U.S. Patent Application Publication No. 2011/0112405 to Barthe ("Barthe"), published May 12, 2011, discloses a hand-held treatment device having a removable treatment module or head, a separate control module providing power and waveform generation, and a skin-facing distal treatment structure. Barthe is relevant at least to the '221 Patent's recitation of a treatment device having a housing or treatment portion removably securable to a body or control portion, with electrical interconnection and cooperative

-12-

operation between the modules and energy delivery to a target area of skin. A true and correct copy of Barthe is attached hereto as Exhibit I.

44.    By way of further example and not limitation, U.S. Patent Application Publication No. 2012/0165710 to Nichols ("Nichols"), published June 28, 2012, discloses a compact facial-treatment device that combines motorized agitation or vibration with microcurrent therapy, and optionally ultrasonic stimulation, with separate user controls for different treatment functions. Nichols further teaches detachable skin-contacting heads and a compact body housing the electronics and power. Nichols is relevant at least to the '221 Patent's recitation of multiple generator elements, independent operation of different treatment modalities, different energy types including electrical and mechanical treatment energy, and skin-contacting treatment structures coupled to a powered body. A true and correct copy of Nichols is attached hereto as Exhibit J.

45.    The prior-art references identified above, alone and or in combination, disclose each and every element of one or more claims of the '221 Patent, or render such claims obvious to a person of ordinary skill in the art at the relevant time. Among other things, the asserted prior art teaches combinations of electrical stimulation, heat, vibration, ultrasound, pressure, skin-contacting treatment heads, removable treatment modules, integrated power sources, control electronics, and structures for directing treatment energy toward a target area of the user's skin.

46.    The claims of the '221 Patent are further invalid under 35 U.S.C. § 112 because, among other things, the specification does not adequately describe and enable the full scope of certain claimed subject matter, including at least the claimed combinations of electrical generator elements, heat generator elements, skin-directed treatment structures, and the communication of electrical energy to muscles and pain receptors, to the extent asserted by Defendants against ordinary consumer heat-and-vibration products.

-13-

COMPLAINT

47.    Defendants' baseless infringement reports and related assertions on the Amazon platform have caused an imminent and real threat of patent infringement litigation. Defendants' assertion of the '221 Patent against Plaintiff's Accused Product has caused, and continues to cause, immediate and irreparable harm to Plaintiff, including removal of the Accused Product from the market and loss of sales, goodwill, and business opportunities.

48.    A substantial, immediate, and real controversy exists between Plaintiff and Defendants regarding the validity of one or more claims of the '221 Patent.

49.    Plaintiff seeks a declaratory judgment that one or more claims of the '221 Patent are invalid for failure to meet the conditions of patentability and or otherwise comply with one or more provisions of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

50.    Plaintiff is also entitled to such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A.    For a declaration that Plaintiff's Accused Product does not infringe one or more claims of U.S. Patent No. 12,318,221 B2;

B.    For a declaration that one or more claims of U.S. Patent No. 12,318,221 B2 are invalid under one or more provisions of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and 112;

C.    For preliminary and permanent injunctive relief, including an order requiring Defendants to withdraw any Amazon infringement complaint asserted against Plaintiff's

-14-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

Accused Product based on U.S. Patent No. 12,318,221 B2, and enjoining Defendants from

reasserting U.S. Patent No. 12,318,221 B2 against Plaintiff's Accused Product on Amazon;

D.      For a finding that this case is exceptional and an award to Plaintiff of its costs,

expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E.      For pre-judgment and post-judgment interest as permitted by law; and

F.      Awarding Plaintiff such other and further relief as this Court deems just and proper.


## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.


Respectfully submitted,

Date: March 10, 2026                              By: /s/ Ruoting Men
                                                   Ruoting Men, Esq. (WSBA No. 63842)
                                                   GLACIER LAW LLP
                                                   506 SECOND AVENUE, SUITE 1516.
                                                   SEATTLE, WA 98104.
                                                   Ruoting.men@glacier.law
                                                   Tel: +1 (212)729-5049


                                                   Tao Liu, Esq. (pro hac vice pending)
                                                   GLACIER LAW LLP
                                                   41 Madison Avenue, Suite 2529
                                                   New York, NY 10010
                                                   Tao.liu@glacier.law

                                                   *Counsel for Plaintiff*

-15-

COMPLAINT